UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GABRIELA GARCIA-RABAGO,<br><br>Plaintiff,<br><br>v.<br><br>SULGHI HONG, et al.,<br><br>Defendants. | Case No. 24-cv-07423-HSG<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE; DIRECTING COUNSEL TO SHOW CAUSE WHY SHE SHOULD NOT BE SANCTIONED OR REFERRED TO STANDING COMMITTEE**<br><br>Re: Dkt. Nos. 9, 23, 36, 38 |

Plaintiff Ana Gabriela Garcia-Rabago twice failed to respond to the Court's orders, Dkt. Nos. 36, 38. The Court **DISMISSES** Plaintiff's case without prejudice for failure to prosecute.

I. **BACKGROUND**

In December 2024, Plaintiff's attorney, Patricia Mireles, filed an administrative motion to be relieved as counsel. *See* Dkt. No. 9-1. She informed the Court that a "breakdown" in attorney-client communications left the "attorney-client relationship . . . unalterably deteriorated." *Id*. Three months later, Ms. Mireles filed a motion to withdraw as counsel on the basis that "failure to communicate render[ed] it unreasonably difficult to carry out effective representation." Dkt. No. 23.

The Court met with the parties five times between February 2025 and June 2025. Plaintiff Garcia-Rabago appeared at two of these hearings and stated that she intended to hire new counsel. Although Ms. Mireles and Plaintiff Garcia-Rabago had some communication, Ms. Mireles informed the Court that she remained unable to reliably contact her client. According to Ms. Mireles, her client was also no longer able to pay her. On March 27, 2025, the Court set a thirty-day deadline for Plaintiff Garcia-Rabago to hire new counsel. *See* Dkt. No. 34. On May 1, 2025, the Court met with the parties, and Plaintiff Garcia-Rabago informed that Court that she had not

1  retained new counsel because she could not afford to do so. *See* Dkt. No. 35. The Court gave
2  Plaintiff Garcia-Rabago additional time to retain new counsel and set a further hearing on the
3  matter for June 26, 2025. Plaintiff Garcia-Rabago did not appear at that hearing, and Ms. Mireles
4  informed the Court that she had not heard from her client. *See* Dkt. No. 37. The Court then issued
5  an order to show cause why this case should not be dismissed for failure to prosecute and directed
6  Ms. Mireles to provide her client with the Order. *See* Dkt. No. 36.

7  Plaintiff Garcia-Rabago's response to the order to show cause was due on July 10, 2025.
8  Plaintiff did not file a response. The Court then issued a second order (1) directing Plaintiff
9  Garcia-Rabago to file a response, (2) warning that it would "dismiss this case for failure to
10 prosecute unless Ms. Garcia-Rabago files a response by July 29, 2025," and (3) directing Ms.
11 Mireles to "file a declaration by July 17, 2025 documenting when and how she supplied Ms.
12 Garcia-Rabago with a copy of this Order." Dkt. No. 38. Neither Plaintiff Garcia-Rabago, nor Ms.
13 Mireles filed the requested materials, in violation of the Court's Order. *See id*. The Court then
14 issued two additional orders directing Ms. Mireles to file the requested declaration. Dkt. Nos. 39,
15 40. Ms. Mireles did not respond to either order.

16 **II.   DISCUSSION**

17 The district court may dismiss a case for failure to prosecute or for failure to comply with a
18 court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of
19 prosecution has generally been considered an 'inherent power,' governed not by rule or statute but
20 by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly
21 and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).
22 "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in
23 extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations
24 omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as
25 an adjudication on the merits" unless the order says otherwise).

26 Courts "must weigh five factors" in determining whether to dismiss a case for failure to
27 prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
28 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

1   disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See*
2   *Ferdik*, 963 F.2d at 1260–61.  A court need not make "explicit findings in order to show that it has
3   considered these factors," although such findings are preferred.  *Id.* at 1261.  Here, the Court finds
4   that these factors weigh in favor of dismissal.
5         First, "[t]he public's interest in expeditious resolution of litigation always favors
6   dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal.*
7   *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  That is true here.  Plaintiff failed to respond to the
8   Court's Order to Show Cause and all subsequent orders.  Dkt. Nos. 36, 38.  Plaintiff did not appear
9   at the most recent hearing, Dkt. No. 37, and Ms. Mireles states that she has been unable to
10  communicate with her client.  Plaintiff's counsel, Ms. Mireles, has been similarly unresponsive
11  and failed to comply with multiple orders.  *See* Dkt. Nos. 39, 40.  The Court is satisfied that the
12  lack of responsiveness demonstrated by Plaintiff and her attorney contravenes the "public's
13  interest in expeditious resolution of litigation."  *See Pagtalunan*, 291 F.3d at 642.  This factor
14  therefore weighs in favor of dismissal.
15        Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject
16  to routine noncompliance" of litigants.  *See id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he
17  trial judge is in the best position to determine whether the delay in a particular case interferes with
18  docket management and the public interest."  *Id.*  Here, Plaintiff has not appeared at scheduled
19  hearings or responded to multiple orders.  This noncompliance "has consumed some of the court's
20  time that could have been devoted to other cases on the docket."  *See Pagtalunan*, 291 F.3d at 642.
21  This factor therefore weighs in favor of dismissal.
22        Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions
23  impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision
24  of the case."  *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).
25  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to
26  the strength of the plaintiff's excuse for the default."  *Id.* (citation omitted).  In *Malone*, which
27  involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found
28  the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying

1  dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the
2  court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had
3  only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92.
4  In this case, Plaintiff has failed to obey (1) an order to show cause, and (2) an order directing her
5  to respond to the order to show cause. *See* Dkt. Nos. 36, 38. And, despite multiple meetings with
6  the Court, Plaintiff has not retained new counsel or become more communicative with her current
7  attorney. As a result, Ms. Mireles' motions to withdraw remain unresolved and the matter remains
8  at a standstill. This factor therefore weighs in favor of dismissal.

9  Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven
10 ineffective in advancing the case. The Court entered an order to show cause, expressly warning
11 Plaintiff that her case was at risk of dismissal for failure to prosecute. *See* Dkt. No. 36. She failed
12 to respond. The Court followed up with a second order directing a response. *See* Dkt. No. 38.
13 Plaintiff again failed to respond. The Court also issued multiple orders directing Plaintiff's
14 counsel to comply with Court orders. Counsel did not respond to those orders. *See* Dkt. Nos. 39,
15 40. This factor therefore weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that
16 Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure
17 to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives'
18 requirement").

19 The last factor—the public policy favoring disposition on the merits—weighs against
20 dismissal here, as it always will even when a party entirely fails to prosecute. *See Pagtalunan*,
21 291 F.3d at 643.

22 **III.    FINAL ORDER TO SHOW CAUSE**

23 Plaintiff's counsel is directed to show cause why she should not be sanctioned or referred
24 to this district's Standing Committee on Professional Conduct for failing to comply with three
25 Court orders, which directed her (1) to file a declaration by August 20, 2025, Dkt. Nos. 38, 39, and
26 (2) to show cause why she should not be sanctioned, Dkt. No. 40. Ms. Mireles shall file a
27 statement of five pages or less by September 10, 2025. Failure to respond to this order to show
28 cause may result in the imposition of sanctions, and/or a referral to the Standing Committee for an

investigation, without further notice to counsel.

## IV. CONCLUSION

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate. The Court thus **DISMISSES** this case without prejudice to renewal under Fed. R. Civ. P. 41(b). This Order **TERMINATES AS MOOT** Ms. Mireles' motions to withdraw as counsel, Dkt. Nos. 9 and 23. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 28, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge